UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF ALASKA, | ) |
|     Plaintiff, | ) ) ) |
| and | ) ) |
| ALASKA FOREST ASSOCIATION, et al. | ) ) |
|     Intervenor-Plaintiffs, | ) ) |
| v. | )   Civil Case No. 11-1122 (RJL) |
| UNITED STATES DEPARTMENT OF AGRICULTURE, et al., | ) ) ) |
|     Defendants | ) ) |
| and | ) ) |
| SOUTHEAST ALASKA CONSERVATION COUNCIL, et al., | ) ) ) |
|     Intervenor-Defendants. | ) |

**MEMORANDUM OPINION**

(March 21st, 2013) [Dkts. ##45, 46]

The complaints in this case seek declaratory and injunctive relief for what the State of Alaska and plaintiff intervenors (collectively, "Alaska") claim are statutory and administrative-law violations related to the promulgation of the 2001 Roadless Area Conservation Final Rule and Record of Decision ("Roadless Rule," or the "Rule"). The federal defendants, United States Department of Agriculture ("USDA"), et al., move for

1

dismissal of all claims for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  Fed. Defs.' Mot. to Dismiss [Dkt. #45].  The intervenor defendants, Southeast Alaska Conservation Council, et al., similarly move to dismiss all claims under Federal Rule of Civil Procedure 12(b)(6) as time-barred and unsupported in law.  Intervenor Defs.' Mot. to Dismiss [Dkt. #46].  Upon consideration of the parties' pleadings, relevant law, and the entire record herein, the Court concludes that Alaska's claims fail for lack of subject-matter jurisdiction because they are untimely.  Accordingly, the Court will GRANT the federal defendants' Motion to Dismiss and DENY the intervenor defendants' Motion to Dismiss as MOOT.

## BACKGROUND

In the waning hours of the Clinton Administration, the Roadless Rule was signed by the Secretary of Agriculture, Daniel Glickman, on January 5, 2001, and published on January 12, 2001, following three years of deliberation and over 1 million public comments.  *See* Roadless Rule, 66 Fed. Reg. 3,244, 3,247–48 (Jan. 12, 2001) (codified at 36 C.F.R. pt. 294).  Acting pursuant to its authority to oversee our national forest system and maintain a road network of over 400,000 miles, the USDA claimed to be responding to concerns both environmental and fiscal.  *See* Roadless Rule, 66 Fed. Reg. at 3,245–46, 3,272.  As such, the Rule prohibits roadwork and timber harvesting on 58.5 million acres of national forest, *id.* at 3,245, 3,247, including 14.7 million acres of the Tongass and Chugach National Forests in Alaska, Compl. ¶ 57 [Dkt. #1].  To say the least, the

Roadless Rule engendered mixed reactions.

Indeed, to date, the Roadless Rule has survived many legal challenges. Shortly after the Rule was adopted, the Kootenai Tribe brought suit in the District of Idaho. *See Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1106 (9th Cir. 2002), *partially abrogated on other grounds by Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011) (en banc). The United States District Court for the District of Idaho preliminarily enjoined the Rule, *id.* at 1107, but the Ninth Circuit Court of Appeals reversed the injunction in December 2002, *id.* at 1126.

The State of Alaska was also quick to challenge the Roadless Rule. In January 2001, the State of Alaska filed a suit similar to the instant case in the United States District Court for the District of Alaska. *Alaska v. USDA*, No. 3:01-cv-00039-JKS (D. Alaska filed Jan. 31, 2001). Following the Ninth Circuit's decision in *Kootenai*, the parties reached a settlement agreement. *See id.* (D. Alaska order of dismissal filed July 22, 2003 based on June 10, 2003 settlement agreement). Pursuant to the settlement agreement, the USDA initiated a rulemaking process culminating in the adoption of an interim rule, 36 C.F.R. § 294.14(d), exempting Alaska's Tongass National Forest from the Roadless Rule ("Tongass Exemption"). 68 Fed. Reg. 75,136, 75,138 (Dec. 30, 2003).

The State of Wyoming also challenged the Roadless Rule in early 2001. *See Wyoming v. USDA*, 277 F. Supp. 2d 1197 (D. Wyo. 2003). In 2003, the United States

District Court for the District of Wyoming invalidated the Rule under the Administrative Procedure Act ("APA"), holding that it violated the National Environmental Policy Act ("NEPA") and the Wilderness Act. *Id.* at 1239. The USDA subsequently superseded the Roadless Rule with the State Petitions for Inventoried Roadless Area Management Rule ("State Petitions Rule"). 70 Fed. Reg. 25,654, 25,662 (May 13, 2005).

The State Petitions Rule in turn spurred additional litigation. In September 2006, the United States District Court for the Northern District of California held that the State Petitions Rule violated NEPA and the Endangered Species Act and reinstated the Roadless Rule and the Tongass Exemption. *California ex rel. Lockyer v. USDA*, 459 F. Supp. 2d 874, 919 (N.D. Cal. 2006). In 2009, the Ninth Circuit upheld this decision. *California ex rel. Lockyer v. USDA*, 575 F.3d 999 (9th Cir. 2009). Undaunted, the State of Wyoming launched a second attack on the Roadless Rule after it was reinstated. *See Wyoming v. USDA*, 570 F. Supp. 2d 1309 (D. Wyo. 2008). In August 2008, the United States District Court for the District of Wyoming enjoined the Rule for a second time. *Id.* at 1355. In October 2011, however, the Tenth Circuit reversed the injunction and upheld the Roadless Rule. *Wyoming v. USDA*, 661 F.3d 1209, 1272 (10th Cir. 2011).

In 2011, an Indian tribe and other groups challenged the Tongass Exemption in the District Court for the District of Alaska. *Organized Vill. of Kake v. USDA*, 776 F. Supp. 2d 960 (D. Alaska 2011). The State of Alaska intervened in support of the Exemption. On March 4, 2011, the court vacated the Tongass Exemption and reinstated the Roadless

Rule in the Tongass National Forest. *Id.* at 976–77. Shortly thereafter, the State of Alaska brought the instant suit.

## STANDARD OF REVIEW

The defendants have moved to dismiss all claims as time-barred under Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, under Federal Rule of Civil Procedure 12(b)(6). The Court must address the Rule 12(b)(1) jurisdictional challenge first. *See Vt. Agency of Natural Res. v. United States ex rel. Stevens,* 529 U.S. 765, 778 (2000) ("Questions of jurisdiction, of course, should be given priority—since if there is no jurisdiction there is no authority to sit in judgment of anything else."). Under Rule 12(b)(1), "[i]t is to be presumed that a cause lies outside [the Court's] limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). A plaintiff must establish that the Court possesses jurisdiction by a preponderance of the evidence. *See Hollingsworth v. Duff,* 444 F. Supp. 2d 61, 63 (D.D.C. 2006). The Court must grant plaintiffs all favorable inferences supported by the facts in the complaint. *Mountain States Legal Found. v. Bush*, 306 F.3d 1132, 1134 (D.C. Cir. 2002).

## ANALYSIS

Alaska challenges the facial validity of the 2001 Roadless Rule under the APA and various federal and state statutes. Because none of these statutes includes its own statute of limitations, 28 U.S.C. § 2401(a), the general six-year statute of limitations for civil actions against the federal government, applies. *See Conservation Force v. Salazar*, 811

F. Supp. 2d 18, 27 (D.D.C. 2011). Section 2401(a) provides that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401(a). A facial challenge to an agency action "first accrues" under § 2401(a) "on the date of the final agency action." *See Harris v. FAA*, 353 F.3d 1006, 1010 (D.C. Cir. 2004).

Here, Alaska's cause of action accrued in January 2001, when the Roadless Rule was adopted and published. The six-year limitations period established by § 2401(a) expired well before Alaska instituted the present action in 2011. Because "§ 2401(a) is a jurisdictional condition attached to the government's waiver of sovereign immunity, and as such must be strictly construed," this Court lacks jurisdiction over Alaska's claims. *Spannaus v. U.S. Dep't of Justice*, 824 F.2d 52, 55 (D.C. Cir. 1987).

Indeed, Alaska's argument that § 2401(a) is not jurisdictional is contrary to longstanding precedent in our Circuit. *See id.*; *Hardin v. Jackson*, 625 F.3d 739, 740 (D.C. Cir. 2010); *P & V Enters. v. U.S. Army Corps of Eng'rs*, 516 F.3d 1021, 1026 (D.C. Cir. 2008); *JEM Broad. Co. v. FCC*, 22 F. 3d 320, 325 (D.C. Cir. 1994); *Conservation Force*, 811 F. Supp. 2d at 27; *Bigwood v. Def. Intelligence Agency*, 770 F. Supp. 2d 315, 318–19 (D.D.C. 2011); *Ramstack v. Dep't of the Army*, 694 F. Supp. 2d 16, 20 (D.D.C. 2010); *Kenney v. U.S. Dep't of Justice*, 700 F. Supp. 2d 111, 115 (D.D.C. 2010); *Porter v. CIA*, 579 F. Supp. 2d 121, 126 (D.D.C. 2008); *W. Va. Highlands Conservancy v. Johnson*, 540 F. Supp. 2d 125, 138 (D.D.C. 2008). And while our Circuit Court has

noted the *possibility* in dicta that the Supreme Court's decision in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990), could undermine its longstanding precedent that § 2401(a) is jurisdictional, it has not, to date, had an occasion to so rule. *See P & V Enters.*, 516 F.3d at 1026–27; *Felter v. Kempthorne*, 473 F.3d 1255, 1260 (D.C. Cir. 2007); *Harris*, 353 F.3d at 1013 n.7.

Finally, I also reject Alaska's back-up argument that standing to sue is a prerequisite to the running of the limitations period established by § 2401(a). *See* Alaska Opp'n to Defs.' Mots. to Dismiss 12–14 [Dkt. #51]. If a litigant has a question as to ripeness or standing, "the appropriate time for a judicial determination . . . is within the prescribed statutory period for review." *Eagle–Picher Indus., Inc. v. U.S. EPA*, 759 F.2d 905, 909 (D.C. Cir. 1985). "[P]etitioners who delay filing requests for review on their own assessment of [justiciability] do so at the risk of finding their claims time-barred." *Id.* Indeed, allowing litigants to do so "would virtually nullify the statute of limitations" in the context of facial challenges to agency rules, *Shiny Rock Mining Corp. v. United States*, 906 F.2d 1362, 1365 (9th Cir. 1990), thereby upsetting the balance struck by Congress between administrative finality and the interests of litigants, *see JEM Broad. Co.*, 22 F.3d at 326.

## CONCLUSION

Thus, for all of the foregoing reasons, the Court concludes that plaintiffs' complaints must be dismissed as untimely pursuant to Rule 12(b)(1) for lack of

subject-matter jurisdiction. Accordingly, intervenor defendants' Motion to Dismiss pursuant to Rule 12(b)(6) need not be resolved and is DENIED as MOOT. An Order consistent with this decision accompanies this Memorandum Opinion.

/s/ Richard J. Leon
RICHARD J. LEON
United States District Judge