# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued September 18, 2014    Decided November 7, 2014

No. 13-5147

STATE OF ALASKA,
APPELLANT

v.

UNITED STATES DEPARTMENT OF AGRICULTURE, ET AL.,
APPELLEES

SOUTHEAST ALASKA CONSERVATION COUNCIL, ET AL.,
INTERVENOR-APPELLEES

———

Consolidated with 13-5150, 13-5151

———

Appeals from the United States District Court
for the District of Columbia
(No. 1:11-cv-01122)

———

*Dario Borghesan*, Assistant Attorney General, Alaska Department of Law, argued the cause for appellant. With him on the briefs were *Thomas E. Lenhart*, Assistant Attorney General, *Julie A. Weis*, *Mark C. Rutzick*, and *Steven W. Silver*.

2

*John M. Schultz* was on the brief for *amici curiae* Southeast Alaska Power Agency, et al. in support of appellant.

*John L. Smeltzer*, Attorney, U.S. Department of Justice, argued the cause for federal appellees. With him on the brief were *Robert G. Dreher*, Acting Assistant Attorney General, and *David C. Shilton*, Attorney.

*Nathaniel S.W. Lawrence* argued the cause for intervenor-appellees Southeast Alaska Conservation Council, et al. With him on the brief were *Thomas S. Waldo* and *Eric P. Jorgensen*.

Before: ROGERS and KAVANAUGH, *Circuit Judges*, and WILLIAMS, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* KAVANAUGH.

KAVANAUGH, *Circuit Judge*:  The United States Forest Service is an agency within the Department of Agriculture. The Forest Service manages the Nation's forests. In doing so, the Forest Service balances use of forest resources against conservation of the forests.

In January 2001, the Forest Service adopted the Roadless Rule.  That rule prohibited road construction, road reconstruction, and timber harvesting on millions of acres of national forest lands, including vast swaths of national forest land in Alaska. *See* 36 C.F.R. §§ 294.10-294.14 (2001); 66 Fed. Reg. 3244, 3244-45 (Jan. 12, 2001); 68 Fed. Reg. 75,136, 75,136-39 (Dec. 30, 2003).

3

In 2005, the Forest Service repealed the Roadless Rule. *See* 70 Fed. Reg. 25,654, 25,654 (May 13, 2005).  But then in 2006, the District Court for the Northern District of California ordered reinstatement of the rule.  *See California ex rel. Lockyer v. U.S. Department of Agriculture*, 459 F. Supp. 2d 874, 916 (N.D. Cal. 2006).

In 2011, the State of Alaska filed this lawsuit challenging the Roadless Rule. A six-year statute of limitations governs Alaska's suit. The statute of limitations runs from the date that "the right of action first accrues." 28 U.S.C. § 2401(a) ("every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues").

The Forest Service argues that Alaska's suit is out of time because, according to the Forest Service, Alaska's right of action accrued in 2001 when the Roadless Rule was issued. The fundamental problem with the Forest Service's argument is that the Forest Service repealed the Roadless Rule in 2005. The Forest Service's 2005 repeal of the Roadless Rule extinguished the right of action that had accrued in 2001.

It is true that the Roadless Rule, after being repealed by the Forest Service in 2005, was reinstated in 2006 as a result of an order by the District Court for the Northern District of California. For purposes of Section 2401(a), however, a new right of action necessarily accrued upon the rule's reinstatement in 2006. In essence, when the District Court for the Northern District of California issued its 2006 order, a new rule identical to an old repealed rule was issued. The Forest Service concedes that a new right of action would have accrued in 2006 if the agency acting on its own had issued the new rule. *See* Oral Arg. Rec. at 17:45-18:12. But the Forest Service says that this case is different because the rule was

4

reinstated in 2006 as a result of a court order. In our judgment, however, it does not matter for these purposes whether the 2006 rule was issued by the agency acting on its own or as a result of a court order. Either way, when the rule was reinstated in 2006 after its repeal in 2005, a new right of action accrued. *Cf. Ohio v. Environmental Protection Agency*, 838 F.2d 1325, 1328 (D.C. Cir. 1988) ("the period for seeking judicial review may be made to run anew when the agency in question by some new promulgation creates the opportunity for renewed comment and objection"). To be sure, under a statute allowing suit only if brought within a specified period "after the right of action first accrues," it may seem anomalous that a legal challenge to a regulation may be filed considerably after the initial expiration of that period. But the same thing occurs under our "reopener" doctrine, as exemplified by *Ohio*. Under that doctrine, the reopening is seen as giving rise to a "new right of action" even though the regulation challenged is no different. *Sendra Corp. v. Magaw*, 111 F.3d 162, 167 (D.C. Cir. 1997).

Under Section 2401(a), Alaska had six years from the time of the rule's reinstatement in 2006 to file a lawsuit challenging the rule. Alaska filed suit in 2011. Alaska's suit is therefore timely under Section 2401(a).

This case has an unusual procedural background, and our holding is accordingly narrow. We reverse the judgment of the District Court dismissing Alaska's complaint as untimely, and we remand to the District Court for consideration of Alaska's challenges to the Roadless Rule.

*So ordered.*